GEORGE R. BOWLING and OLIVIA G. BOWLING *v.* MEMPHIS & CHARLESTON RAILROAD COMPANY.

CHARGE OF COURT. *Practice.* It is not error for the court to refuse to recall a jury upon request of counsel for a further or additional charge without valid or reasonable grounds being shown.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

GANTT & PATTERSON for Bowling.

POSTON & POSTON and L. W. HUMES for Railroad Company.

TURNEY, J., delivered the opinion of the court.

These actions were brought to recover damages for injuries to persons and property. The principal, if not the only defense, was that the injury resulted from the negligent or unskillful management of a horse in making too short a turn and running the buggy into a gutter and upsetting it. The entire evidence for the company is directed to the attempt to establish such facts. The charge of the circuit judge, as appears in the record, is as follows: "That the plaintiffs' claims were rested on the alleged negligence of defendant; that the common law rules of negligence (which were explained), applied to the cases; that a violation of the city ordinance, if any there had been, might be looked to by the jury as a circumstance; that the burden of proof was on the plaintiffs, and closing with instructions as to the matter of exemplary damages, which was left to the discretion of the jury, in case they had adequate evidence."

The above synopsis is very comprehensive, and as no exception is taken to the charge, we must conclude it was satisfactory to the parties.

After the jury had retired, defendant's counsel requested that it be recalled and the following given: "If the jury find from the evidence that the plaintiff, Geo. R. Bowling, drove his horse to within about

thirty or forty feet of the railroad track, and no nearer, and knowing that his horse was of quick movement, gentle and not frightened at moving railroad trains, and while stopped and standing there, decided to turn back and drive back to Adams street, and being in the middle of High street, he turned his horse directly to the left, made too short a turn, run the wheels of his buggy into the gutter and overturned his buggy, by which he and his sister were thrown out upon the sidewalk and received injuries, then, although the bell was now sounded in approaching the crossing and the flagman did not precede the train and flag the crossing, they will find for the defendant," which was refused.

It is nowhere claimed that his Honor had not already fully charged upon the point suggested in the request, and which, as we have already said, was the sole ground of defense relied upon. The synopsis of the charge is broad enough to have included the matter of request. No grounds are laid for the failure to ask the charge at the proper time. The learned and watchful counsel could not, we think, have overlooked his only hope of successful resistance to a recovery. While it may be proper, in some instances, that a jury should be recalled and further charged, it should always be upon sufficient reasons. It should appear that the party asking such further charge had forgotten, or that the question had occurred to him only since the charge was given and the jury retired.

It would be dangerous to allow the recall of a

jury for a further or additional charge upon the bare request of counsel without grounds.  Under such a rule the ingenious lawyer would always have it in his power to have emphasized to the jury by the court any proposition he might choose to submit, and have the jury believe the court attached great weight to the matter about which it had been recalled for instructions.  Under all the circumstances we must presume the jury was fully, fairly and satisfactorily charged. The verdicts are supported by the evidence.  We cannot say they are excessive.

   Affirmed.